1  LAWRENCE G. BROWN
   Acting United States Attorney
2  KRISTIN S. DOOR, SBN 84307
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2723

5  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-cv-00151 JAM-GGH |
| Plaintiff, | STATUS REPORT AND STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| v. | |
| APPROXIMATELY $6,085.00 IN U.S. CURRENCY, et al., | |
| Defendants. | DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |

Plaintiff United States of America, and Claimants Adib Sirope and Rimoun Mansour (hereafter referred to collectively as "Claimants"), by and through their respective counsel, submit the following Joint Status Report and Stipulation for Stay of Further Proceedings and Order [Proposed].

**A. THE NATURE OF THE CASE:**

Plaintiff seeks to forfeit the defendant property under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) on the theory that the defendant property constitutes or is derived from proceeds of a scheme to defraud the California Board of Equalization out of excise taxes due on the sale of tobacco products in California. The plaintiff alleges that the U.S. mail and interstate

1

communications systems were used to perpetrate the fraud.  In addition, plaintiff alleges that the smokeless tobacco is contraband and is therefore forfeitable under 18 U.S.C. § 2344(c).

Claimants deny these allegations.

**B.    PROGRESS IN THE SERVICE OF PROCESS:**

All known potential claimants have been personally served with the Complaint for Forfeiture In Rem, Notice of Complaint, Application and Order for Publication, and Court Notices.

Claimants have filed claims to the defendant property and an Answer to the complaint.

**C.    POSSIBLE JOINDER OF ADDITIONAL PARTIES:**

None.

**D.    ANY EXPECTED OR DESIRED AMENDMENT OF PLEADING:**

None.

**E.    JURISDICTION AND VENUE:**

This Court's jurisdiction is based on 28 U.S.C. §§ 1345 and 1355.  Venue is based on 28 U.S.C. §§ 1355(b) and 1395(a).

**F.    ANTICIPATED MOTIONS AND THE SCHEDULING THEREOF:**

As explained below, the parties are requesting that the court stay further proceedings pending the outcome of a related criminal investigation and therefore do not believe this case should be scheduled at this time.

**G.    ANTICIPATED DISCOVERY AND THE SCHEDULING THEREOF, INCLUDING:**

(1) what changes, if any, should be made in the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);

See Paragraph F above.

**H. FUTURE PROCEEDINGS, INCLUDING SETTING APPROPRIATE CUT-OFF DATES FOR DISCOVERY, LAW AND MOTION, AND THE SCHEDULING OF PRETRIAL AND TRIAL:**

(1) The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). The plaintiff contends that Sirope and Mansour and other conspired to defraud the California Board of Equalization out of excise taxes due on the sale of tobacco products in California. The plaintiff alleges that the U.S. mail and interstate communications systems were used to perpetrate the fraud. Claimants Sirope and Mansour deny these allegations.

(2) To date claimants Sirope and Mansour, the owners of the property, have not been charged with any criminal offense by state, local, or federal authorities, and the statute of limitations has not expired on potential criminal charges relating to the fraud scheme. Nevertheless, the plaintiff intends to depose Sirope and Mansour regarding their claim to the defendant property, their operation of Pay-Less Wholesale Tobacco, and their business dealings with others in the tobacco industry. If discovery proceeds at this time, Sirope and Mansour will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the

ability to pursue their claim to the defendant real property, or waiving their Fifth Amendment right and submitting to a deposition and potentially incriminating themselves. If either person invokes his Fifth Amendment right, the plaintiff will be deprived of the ability to explore the factual basis for the claims they filed with this court.

(3) In addition, claimants intend to depose the law enforcement agents involved in this investigation. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

(4) The parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon claimant's ability to prove his claim to the property and assert any defenses to forfeiture. For these reasons, the parties jointly request that this matter be stayed until August 1, 2009. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

**I.  APPROPRIATENESS OF SPECIAL PROCEDURES:**

None.

**J.  ESTIMATE OF TRIAL TIME:**

Unknown at this time.

**K.  MODIFICATION OF STANDARD PRETRIAL PROCEDURES SPECIFIED BY THE RULES DUE TO THE RELATIVE SIMPLICITY OR COMPLEXITY OF THE ACTION OF PROCEEDINGS:**

None.

//

**L.  WHETHER THE CASE IS RELATED TO ANY OTHER CASE, INCLUDING ANY MATTERS IN BANKRUPTCY:**

This case is related to two other cases that arose out of the same investigation and involve the same claimants: <u>United States v. 12001 Victory Boulevard</u>, 2:08-cv-2074 JAM-GGH; and <u>United States v. $23,032.07 et al</u>., 2:08-cv-2753 JAM-GGH. A Notice of Related Cases was filed on January 16, 2009, and a Related Case Order was entered on January 21, 2009.[1]

These two related cases have already been stayed until August 1, 2009. The parties to this stipulation request that the instant case be stayed to the same date.

**M.  WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED:**

The parties do not believe a settlement conference is appropriate in this case.

**N.  ANY OTHER MATTERS THAT MAY ADD TO THE JUST AND EXPEDITIOUS DISPOSITION OF THIS MATTER:**

None.

Dated: March 19, 2009          LAWRENCE G. BROWN
                               Acting United States Attorney

                          By   /s/ Kristin S. Door
                               KRISTIN S. DOOR
                               Assistant U.S. Attorney
                               Attorneys for Plaintiff
                               United States of America

//

---

[1] Three other cases arising out of the same investigation were listed in the Notice of Related Cases and in the Related Case Order. However, those three cases involved different claimants and are therefore not relevant to the stay now being requested by the plaintiff and claimants Sirope and Mansour.

5

| | |
|---|---|
| Dated: March 19, 2009 | GERAGOS & GERAGOS |

By <u>/s/ Shepard S. Kopp</u>
SHEPARD S. KOPP
Attorneys for claimants
Adib Sirope and Rimoun Mansour

(Attorney signatures maintained by plaintiff's counsel)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until August 1, 2009. On or before August 1, 2009, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: March 20, 2009

<u>/s/ John A. Mendez</u>
JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE